1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD ROLLINGS,

              Plaintiff,

      v.

GOVERNOR CHRISTINE GREGIORE *et al.*,

              Defendants.

Case No.  C06-5047FDB

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**APRIL 7th 2006**

       This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge

pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and

MJR 4.  After reviewing the complaint in this action the undersigned recommends that the action be

**DISMISSED WITH PREJUDICE** prior to service with dismissal counting as a strike pursuant to 28 U.S.C.

§ 1915 (g) for failure to state a claim.

FACTUAL BACKGROUND

       Plaintiff names the Governor of Washington State and the Department of Corrections as defendants.

The plaintiff challenges the ban on using or possessing tobacco products in prison by inmates.  (Dkt. # 6).

DISCUSSION

       In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the

1    conduct complained of was committed by a person acting under color of state law and that (2) the conduct

2    deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United

3    States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474

4    U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these

5    elements are present.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S.

6    1020 (1986).

7         The complaint fails to state a cause of action under 42 U.S.C. § 1983.  An inmate possesses no

8    constitutional right to buy or use tobacco products while incarcerated.  *See Generally* 66 ALR 237 5th

9    edition (discussing the constitutionality of smoking restrictions in prisons).   The United States Court for

10   the Eastern District of Washington has specifically rejected a similar argument based on an Eighth

11   Amendment theory.  Jefferies v. Reed, 631 F. Supp 1212 (E. D. Wash. 1986).

12                                              CONCLUSION

13        Plaintiff cannot bring a 42 U.S.C. § 1983 action for a rule prohibiting tobacco use.  His allegations

14   simply fail to state a claim as a matter of law.  The action should be **DISMISSED WITH PREJUDICE.**

15   Dismissal for failure state a claim counts as a strike pursuant to 28 U.S.C. 1915 (g).  A proposed order

16   accompanies this report and recommendation.

17        Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

18   parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ.

19   P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v

20   Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to

21   set the matter for consideration on **April 7th, 2006**, as noted in the caption.

22

23        DATED this 13th day of March, 2006.

24

25                                        */S/ J. Kelley Arnold*
26                                        J. Kelley Arnold
                                          United States Magistrate Judge

27

28

REPORT AND RECOMMENDATION
Page - 2