UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD ROLLINGS,<br><br>   Plaintiff,<br><br> v.<br><br>P.A. THOMPSON, *et al*,<br><br>   Defendants. | Case No. C06-5574 FDB |
| RONALD ROLLINGS,<br><br>   Plaintiff,<br><br> v.<br><br>GREGOIRE, *et al*,<br><br>   Defendants. | Case No. C06-5047 FDB |
| RONALD ROLLINGS,<br><br>   Plaintiff,<br><br> v.<br><br>STATE OF WASHINGTON, *et al*,<br><br>   Defendants. | Case No. C00-5183 FDB<br><br>ORDER DENYING MOTIONS TO MODIFY AND/OR TERMINATE LEGAL FINANCIAL OBLIGATIONS |

ORDER - 1

This matter comes before this Court on multiple motions of Plaintiff Ronald Rollings to modify and/or terminate legal financial obligations incurred in the filing of the above referenced prisoner civil rights actions. In each action Plaintiff Rollings was granted the right to proceed *in forma pauperis*. Each respective order granting Plaintiff *in forma pauperis* status indicated that the Plaintiff is required to make monthly payments until the entire filing fee has been paid.

This Court is without authority to waive the payment obligations of Plaintiff. The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915, requires that prisoners who bring civil actions or appeals from civil actions must "pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Prisoners who are unable to pay the full amount of the filing fee at the time that their actions or appeals are filed are generally required to pay part of the fee and then to pay the remainder of the fee in installments. 28 U.S.C. § 1915(b). A court may authorize a petitioner to prosecute an action in federal court without prepayment of fees or security if the petitioner submits an affidavit showing he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). The affidavit must include a statement of all assets such prisoner possesses and that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. 28 U.S.C. § 1915(a)(1). However, prisoners granted leave to proceed *in forma pauperis* remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2); Taylor, at 847.

Plaintiff is required to pay the full amount of the filing fees mandated by 28 U.S.C. § 1915(b)(1) by subjecting any future funds credited to his prison trust account to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

ORDER - 2

ACCORDINGLY;

IT IS ORDERED:

Plaintiff's Motions to Modify and\or Terminate Legal Financial Obligations [C06-5574 FDB, Dkt. #14], [C06-5047 FDB, Dkt. #11], and [C00-5183 FDB, Dkt. #12] are **DENIED**.

DATED this 10th day of October, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3